## TOLLE v. PENNSYLVANIA R. CO.
### Civil Action No. 883.

District Court, S. D. Ohio, W. D.

Sept. 18, 1947.

580

Robert H. Wead and Wead & Aultman, all of Xenia, Ohio, for plaintiff.

Hugh A. Altick and Matthews & Altick, all of Dayton, Ohio, for defendant.

NEVIN, District Judge.

On July 16, 1947, plaintiff filed his complaint in this cause, in this Court.

On August 13, 1947, defendant filed a motion to strike from the complaint certain portions thereof as in the motion set forth. The cause is now before the Court on this motion.

Defendant alleges that the portions of the complaint which it seeks to have stricken out should be stricken because "the same are irrelevant and immaterial."

Plaintiff's counsel, on the other hand, urge in their brief on the motion that the allegations referred to should remain in the complaint, stating that "it is proper that the petition set forth all the operative facts having a bearing upon the material issues in the case."

The Federal Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, were designed and adopted for the purpose, among others, of simplifying pleadings. It is no longer necessary in the United States Court to set forth in a petition "all the operative facts having a bearing upon the material issues in the case."

In an Appendix to the Rules of Civil Procedure are found a number of "forms." 28 U.S.C.A. following section 723c. It is true that it is stated that these forms are "for illustration only." Nevertheless, they serve as an indication of the extent to which the committee formulating the rules thought it to be necessary to allege the facts in a complaint.

Form No. 9, found in the Appendix referred to, sets forth all that it was deemed necessary to recite in a "Complaint for Negligence." As will be observed from a reading of that form, a Complaint for Negligence filed in the United States District Court can now be couched in very simple language.

In the instant case, the pleader has gone into great detail, far beyond what is necessary in a complaint in the United States District Court. It may be, therefore, as defendant asserts, that many of the allegations are now "irrelevant and immaterial." However, the Court is of the opinion that none of them are prejudicial. Plaintiff has simply set forth in his pleading, more details than he is required to set forth under the Rules of Civil Procedure in a complaint filed in a United States Court.

It does not appear, however, that any useful purpose would be served in striking out the allegations referred to in defendant's motion. It would merely cause delay and the filing of an amended complaint. Under these circumstances, the Court finds defendant's motion not well taken and that it should be, and it is, overruled.

Counsel may prepare and submit an order accordingly.